```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                  CORPUS CHRISTI DIVISION
```

|  |  |  |
|---|---|---|
| In Re: | § § § § § | |
| MERSCORP INC., ET AL., REAL | § | MDL Docket No. 1810 |
| ESTATE SETTLEMENT PROCEDURES | § | |
| ACT (RESPA) LITIGATION | § | ALL CASES |
| | § § § § § | |

## ORDER NO. 2

On February 23, 2007, this Court conducted an Initial Pretrial Conference in the above-styled action. At that conference, the Court hereby ORDERED as follow:

1. Per agreement of the Plaintiffs, Plaintiffs are proceeding in this consolidated action under federal question jurisdiction, pursuant to 28 U.S.C. § 1331, and not under diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

2. Robert Brochin will serve as liaison counsel for Defendants, with Darrell Barger serving as Defendants' alternate liaison counsel in the event that Mr. Brochin is not available.

3. Melissa Berry and Robert Bonsignore will serve as co-liaison counsel for Plaintiffs. Ms. Berry and Mr. Bonsignore represented that they each have the authority to bind their co-liaison counsel, and it will be sufficient for the Court to contact either Ms. Berry or Mr. Bonsignore when the Court must

    contact liaison counsel for Plaintiffs.

4. The Court hereby STAYS all discovery on Plaintiffs' Counts III and IV until March 26, 2007 (Count III asserts a claim under the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("RICO") and Count IV asserts a claim for RICO conspiracy).[1]  By March 26, 2007, Plaintiffs must notify the Court as to their class certification intentions with regard to their RICO and RICO conspiracy claims.

5. By March 26, 2007, Plaintiffs and Defendants must notify the Court as to whether they have agreed to a class limitation based on the jurisdictional statute of limitations set forth in the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-2617 ("RESPA").  See 12 U.S.C. § 2614; Snow v. First Am. Title Ins. Co., 332 F.3d 356, 358 (5th Cir. 2003).

6. The Court hereby LIFTS the discovery stay imposed by this Court's Pretrial Order No. 1, ¶ 12 (MDL Docket Entry 5), as to discovery on the issue of class certification.  The Court recognizes that there will necessarily be overlap between discovery on class certification issues and discovery on the merits of the case, and such limited overlap in discovery is hereby permitted at this time.

7. The Court hereby sets the following discovery and case

---

[1] Plaintiffs' operative complaints in the MDL-1810 member cases are identical, they all assert Count III for RICO and Count IV for RICO conspiracy.

management schedule for MDL-1810:

a. The deadline for service of Initial Disclosures regarding class certification issues is **MARCH 9, 2007.**

b. No later than **APRIL 16, 2007,** all named Plaintiffs shall file a pleading or affidavit indicating the date they closed on the mortgage on which their claim is based.

c. The deadline for Joinder of Parties is **APRIL 27, 2007,** and the deadline for Amendment of Pleadings is **AUGUST 31, 2007.** This provision does not relieve the parties from obtaining leave to file amended pleadings or add parties whenever required by the Federal Rules of Civil Procedure.

d. Discovery on class certification issues shall end on **OCTOBER 26, 2007.**

e. The deadline for Plaintiffs to file a Motion for Class Certification is **NOVEMBER 16, 2007.**

f. The deadline for submission of Applications to Serve as Class Counsel is **NOVEMBER 16, 2007.** Applications must include all relevant experience and qualifications.

g. The deadline for Defendants to file a Response to Plaintiffs' Motion for Class Certification is **DECEMBER 14, 2007.**

h. The deadline for Plaintiffs to file a Reply in Support of their Motion for Class Certification is **JANUARY 4, 2008.**

i. The Court shall hold a Hearing on the Plaintiffs' Motion for Class Certification on **JANUARY 18, 2008, AT 9:00 AM**.

j. Defendants' Answers to or Pre-Answer Motions to Dismiss Plaintiffs' Complaints are due **30 DAYS AFTER** the Court rules on Plaintiffs' Motion for Class Certification.

k. The deadline for Designation of Experts is **OCTOBER 3, 2008**. The deadline for Designation of Responsive Experts is **OCTOBER 17, 2008**. Responsive experts will not be limited to rebuttal testimony. Written Reports that comply with Federal Rule of Civil Procedure 26(a)(2)(B) shall be due at the time of designation of each expert. Parties are ordered to file only proposed witnesses with the Court, pursuant to Federal Rule of Civil Procedure 26, but **NOT** reports or other discovery materials. Hearings on expert testimony and/or qualifications (i.e., Daubert and Markman) shall be requested no later than the deadline for discovery.

l. Except for good cause shown, the deadline for filing Dispositive Motions is **OCTOBER 31, 2008**.

m. Discovery shall end on **NOVEMBER 14, 2008**.

n. The parties shall file a Joint Pretrial Order no later than **JANUARY 16, 2009, AT 3:00 PM**. This satisfies the requirement of Federal Rule of Civil Procedure 26(a)(3). Plaintiffs will be responsible for the filing of a joint

       pretrial order, executed by the attorney-in-charge for each party, and conforming fully with the form set out in Appendix B of the Local Rules of the Southern District of Texas.  Plaintiffs shall allow all parties at least fifteen (15) working days for review and contribution. A motion for leave to file a joint pretrial order without the signature of all counsel must be made, showing good cause, to obtain authority to file a pretrial order without all required signatures.  Differences of the parties with respect to any matter relevant to a pretrial order will be set forth in the joint pretrial order at the appropriate place. Willful or indifferent failure to submit a well-prepared joint pretrial order in a timely fashion or to respond to its completion is cause for dismissal in the case of Plaintiff, or in the case of Defendant, is cause for default. Motions in Limine shall also be filed with the Joint Pretrial Order.  No later than the original date set for the filing of the Joint Pretrial Order, all parties shall pre-mark and exchange exhibits they intend to use during the course of trial.

  o.  Final Pretrial Conference is set for **FEBRUARY 2, 2009 AT 8:30 AM**.  The attorney-in-charge for each party is required to be present.

8.  The Court hereby DENIES Defendants' motion to dismiss filed in

Knighton v. Merscorp Inc., et al. (D.E. 8, Case No. 07-29), without prejudice.

9. As per the schedule listed above in Paragraph 7(j), the Court hereby CONTINUES Defendants' response date to all operative complaints in MDL-1810 member cases until thirty days after this Court issues an order on the issue of class certification.

10. Counsel has an ongoing obligation to notify the Clerk of Court of any additional counsel to be added to the service list of attorneys.

11. All certificate of service documents filed by Robert Bonsignore are hereby STRUCK by the Court.[2] The Court hereby ORDERS that parties may only file complete pleadings with the Court, and parties may NOT file supplemental or partial documents with the Court. (See, e.g., Pretrial Order No. 1, ¶ 20, MDL Docket Entry 5). Further, the Court hereby ORDERS that all pleadings must include a certificate of service as a part of the pleading being filed with the Court, and all pleadings requesting affirmative relief must also contain a certificate of consultation.

---

[2] The above-referenced certificates of service include the following: Case No. 07-1810, D.E. 13; Case No. 07-22, D.E. 16; Case No. 07-24, D.E. 29; Case No. 07-25, D.E. 12; Case No. 07-26, D.E. 12; Case No. 07-27, D.E. 15; Case No. 07-28, D.E. 24; Case No. 07-29, D.E. 44; Case No. 07-30, D.E. 15, and all subsequently filed similar documents.

12.  The next hearing in this case is hereby set for Friday, May 18, 2007, at 9:00 a.m.

SIGNED and ENTERED on this the 23rd day of February, 2007.

_____
Janis Graham Jack
United States District Judge